NO. 07-04-0319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 22, 2004

______________________________

DONALD JAY PRUITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 7575; HONORABLE JOHN LAGRONE, JUDGE

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ABATEMENT AND REMAND

Appellant Donald Jay Pruitt appeals from a conviction in the 316th
 District Court of Hutchinson County, Texas (the trial court). 
 The trial court clerk’s record and court reporter’s record have been filed with the appellate clerk. 

 Appellant has filed motions and correspondence seeking (1) dismissal of his appointed appellate counsel, and (2) leave to appear on appeal
 pro se
.  In the motion to dismiss current appellate counsel, appellant expresses his desire to waive his Sixth Amendment right to the assistance of counsel.   

T
his appeal is abated and the cause is remanded to the trial court.  Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine whether appellant has made a knowing and voluntary decision to waive his right to counsel and to represent himself on appeal
.  If the trial court determines that appellant has made a knowing, voluntary decision to waive his right to counsel and to represent himself on appeal, then the trial court should discharge appellate counsel from any further obligations to appellant.  If the trial court determines that appellant has not made a knowing, voluntary decision to represent himself on appeal, then the trial court should enter orders and make recommendations appropriate to continued prosecution of appellant’s appeal
 based on the evidence presented at the hearing, and
 on its findings and conclusions therefrom.  

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk’s record; (3) enter any orders appropriate, based on its findings and conclusions; (4) cause the hearing proceedings to be transcribed and included in a reporter’s record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the reporter’s record.  In the absence of a request for extension of time from the trial court, the supplemental clerk’s record, reporter’s record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than August 31, 2004. 

The appellate clerk is directed to immediately furnish copies of the documents previously filed by appellant acting
 pro se
 
to the trial court, the State’s attorney for the 316th
 District Court and to current appellate counsel for appellant. 

Per Curiam

Do not publish.